**Electronically Filed
Intermediate Court of Appeals
30254
16-JUN-2011
08:09 AM**

NO. 30254

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


EDMUND M. ABORDO, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 09-1-0026; S.P. NO. 09-1-0426; CR. NO. 93-0737)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Justice, Fujise and Leonard, JJ.)

Petitioner-Appellant Edmund M. Abordo (**Abordo**) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief (**Order Denying Relief**), filed on November 30, 2009 in the Circuit Court of the First Circuit (**Circuit Court**).[1/]  As discussed below, it appears that the court lacks appellate jurisdiction and, therefore, the appeal is dismissed.

I.   BACKGROUND

On July 23, 2009, Abordo filed a Petition for Post-Conviction Relief (**Petition**), pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40.  The case was docketed as SPP 09-1-0026.  The Petition stated the following grounds for relief:

> A.    Ground one:  Illegal punishment on a blanket unconstitutional restriction against helping inmates with habeas corpus cases. i.e. illegal sentence & conviction

---

[1/]    The Honorable Randal K.O. Lee presided.

Supporting FACTS (tell your story briefly without citing cases or laws): Petitioner was unlawfully punished for helping other inmates with their illegal sentence and conviction. That DPS knew about Abordo's illegal detention but did nothing, condoning CCA's Actions.

B.     Ground two: Retaliatory conduct by DPS for filing TRO in federal court in regards to Abordo's property that resulted in the distruction [sic] & confiscation of his property.

Supporting FACTS (tell your story briefly without citing cases or laws): DPS knew that Abordo was doing legal work for inmates as Abordo was the law clerk for 15 years. DPS retaliated against Abordo by having his key-board destroyed, and his video games and boom box confiscated.

C.     Ground three: Violation of due process of Wolff v. MacDonnell, 418 US 539 (1974) to review documents that was omitted, that constituted procedure which was not followed.

Supporting FACTS (tell your story briefly without citing cases or laws): Assistent [sic] Warden Ben Griego illegally punished Abordo without due process violating his own rules and procedures regarding the gathering of evidence. A/W Griego did not submit any evidence that items he used against Abordo came from Abordo's cell. i.e. property seizure form.

D.     Ground four: Unlawful detention of being held in seg. for over 120 days whereas DPS was aware of CCA illegal action and condoned it, using CCA staff as Strongarm.

Supporting FACTS (tell your story briefly without citing cases or laws): CCA's policy #15-2.5. Supervisor investigation requires an investigation within 24hrs. Abordo was held 33 days before a disciplinary report was filed. Once it was filed the time served was not counted as time served, the time started on Oct 16, 08, Abordo was released from seg on Jan 9, 2009. Abordo illegal punishment was supposed to end Dec. 15, 08 but was released Jan. 9, 09. Abordo was put into seg on Sept 13, 08 and held in seg till Jan 9, 09.

On August 24, 2009, the State filed an Answer to the Petition, denying that Abordo was entitled to relief on any of the four stated grounds because they did not concern illegality of a judgment or custody. The State requested that the Petition

be dismissed without prejudice or transferred to the civil court, pursuant to HRPP Rule 40(c)(3).

In a letter dated December 16, 2009 from Judge Randal Lee to the Legal Documents Section of the First Circuit, Judge Lee stated:

> Pursuant to the Hawaii Rules of Penal Procedure, Rule 40(c)(3), Petitioner's motions: 1) Emergency Motion To Order The Defendant's (DPS) To Order Its Service Provider (CCA) To Cease And Desist The Enforcement Of Torture For Depriving Petitioner Of His Sleep By Constant Illumination Of His Cell, filed on October 9, 2009; ad 2) Petitioner's Motion For Preliminary Injunction, filed October 15, 2009, is hereby transferred to the Office Of the Clerk, First Circuit Court, State of Hawaii.
>
> Attached is an order stating that Petitioner's motions for post-conviction relief should be filed as a civil proceeding. Please assign new special proceeding numbers(s) to the motions and the court's order together with a summons are to be transmitted to the Department of the Attorney General for the State of Hawaii. Additionally, transmit copies of such documents to the Petitioner.
>
> S.P. NO. <u>09-1-0426</u>

The docket to SPP 09-1-0026 states that on October 9, 2009, an Emergency Motion to Order the Defendant (DPS) to order its Service Provider (CCA) to Cease and Desist the Enforcement of Torture for Depriving Petitioner of his Sleep by Constant Illumination of His Cell (**Emergency Motion re Sleep**) was filed, but a copy of the document is not in the record for SPP 09-1-0026. The Emergency Motion re Sleep is, however, filed as the first document appearing in the record of SP 09-1-0426.

On October 15, 2009, Abordo filed a Petitioner's Motion for Preliminary Injunction (**Motion for Preliminary Injunction**) which referenced SPP 09-1-002<u>9</u> but the document was filed in SP 09-1-0426 and not in SPP 09-1-0026.

On November 30, 2009, in SP 09-1-0426, Abordo filed a Motion to Conduct a Hearing Pursuant to HRPP Rule 40(3)(f)[2/] and Petitioner's Memorandum of Law in Support of His HRPP Rule 40 Petition. The memorandum in support stated Abordo's factual and legal arguments regarding the four grounds for relief stated in his Petition in SPP 09-1-0026.

Also on November 30, 2009, in SP 09-1-0426, Judge Lee issued the Order Denying Relief, which denied the claims stated by Abordo in SPP 09-1-0026. The Order Denying Relief referenced SPP 09-1-0026, but was filed in SP 09-1-0426 rather than in SPP 09-1-0026.

Another file-stamped copy of the letter dated December 16, 2009 by Judge Lee that was filed in SPP 09-1-0026 was also filed in SP 09-1-0426 on December 16, 2009.

On December 16, 2009, Judge Lee issued an order directing that the Emergency Motion re Sleep and Motion for Preliminary Injunction be Forwarded to the Clerk of the First Circuit Court to be Processed as a Civil Proceeding.

On December 21, 2009, in SPP 09-1-0026, Abordo filed a Notice of Appeal from the Order Denying Relief.

On January 25, 2010, in SPP 09-1-0026, Abordo filed a Motion to Enforce HRCP Rule 65(b) which requested that the court enforce a Preliminary Injunction in accordance with HRCP Rule 65(b).

On January 19, 2010, in SP 09-1-0426, the State filed a memorandum in opposition to the Emergency Motion re Sleep and the Petitioner's Motion for Preliminary Injunction.

On January 25, 2010, SP 09-1-0426 was reassigned to Judge Rhonda Nishimura.

---

[2/] The Motion to Conduct a Hearing Pursuant HRPP Rule 40(3)(f) referenced SPP 09-1-0029 but the number was changed to SPP 09-1-0026 and initialed with the letters "JH" next to it. The document was filed in SP 09-1-0426 but not in SPP 09-1-0026.

4

On February 9, 2010, in SP 09-1-0426, Abordo filed an Ex Parte Motion to Correct the Special Proceedings Number on a Motion that was Filed on January 25, 2010 Entitled Motion to Enforce HRCP Rule 65(b) and Affidavit in Support. Abordo requested that his Motion to Enforce HRCP Rule 65(b) be placed in SP 09-1-0426.

On February 12, 2010, in SP 09-1-0426, Abordo filed a Motion for Requesting a Master Pursuant to HRCP Rule 53 et seq.

On March 23, 2010, Judge Nishimura granted Abordo's ex parte motion to remove and refile.

On March 25, 2010, in SP 09-1-0426, Judge Nishimura entered an Order Denying (1) the Emergency Motion re Sleep, and (2) the Motion for Preliminary Injunction.

Also on March 25, 2010, Judge Nishimura entered an Order Denying Petitioner's Motion for Requesting a Master Pursuant to HRCP Rule 53 et seq.

II. DISCUSSION

The Order Denying Relief was not filed in SPP 09-1-0026, but rather in SP 09-1-0426. There is no final appealable order in SPP 09-1-0026, therefore this court lacks appellate jurisdiction to hear any appeal stemming from that special proceeding. HRS § 641-1(a).

It appears that the grounds for relief stated in the Petition are civil in nature. "If a post-conviction petition alleges neither illegality of judgment nor illegality of post-conviction "custody" or "restraint" but instead alleges a cause of action based on a civil rights statute or other separate cause of action, the court shall treat the pleading as a civil complaint not governed by this rule." HRPP Rule 40(c)(3). It further appears that SPP 09-1-0026 was incorporated into SP 09-1-0426 and transferred to the civil calendar pursuant to HRPP Rule 40(c)(3). Notwithstanding the entry of the Order on November 30, 2009, it appears that the proceedings in SP 09-1-0426 are ongoing

5

to determine Abordo's claims and no final judgment has been entered in SP 09-1-0426. Therefore, this court lacks appellate jurisdiction. HRS § 641-1(a); <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

III. <u>CONCLUSION</u>

This appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 16, 2011.

On the briefs:

Edmund M. Abordo
Petitioner-Appellant Pro Se

Lisa M. Itomura
Diane K. Taira
Deputy Attorneys General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

6